PREGNALL & BROTHER v. MILLER & KELLY.

1. Where a vendor retains possession of personal property sold to the vendee upon the consideration of a pre-existing debt, in a contest between vendee and a subsequent purchaser the character of such possession is a question of fact which should be submitted to the jury with the burden on vendee of proving good faith, and therefore the Circuit judge erred in charging the jury that a retention of possession in such case was *per se* fraudulent, as a general rule, and that the only exception was where possession is retained under a contract of hiring.—*Cases reviewed.*

2. Title to personal property changes when it is sold on a credit with possession given, or when sold for cash and left with vendor for vendee's convenience and under his control; therefore it was error to charge that payment of purchase money and delivery of property were both necessary to a change of title.

Before WITHERSPOON, J., Charleston, November, 1883.

This was an action by Samuel J. Pregnall & Brother against Miller & Kelly. The opinion states the case. The exceptions were as follows:

1. His honor erred in charging that "that there must be a delivery of the article in order to complete the sale; there must be a payment on the one side and a delivery on the other. You will determine whether there was a delivery or not."

2. His honor being requested by appellants to charge that "if the evidence satisfies the jury that the company had already sold the engine to plaintiffs and nothing further remained for the company to do at the time of the alleged sale to defendants, then the property in the engine had already vested in plaintiffs at the time of such alleged sale to defendants, although the engine had not been removed," erred in not charging as requested, and in qualifying the charge by saying: "I so charge you if the sale to plaintiffs was complete prior to the sale to the other parties."

3. His honor erred in charging, in this case, without explanation or qualification, that "where a party sells a piece of property and remains in possession of it, the law presumes that the sale was fraudulent. That is a presumption of law. If he leaves

the property in the visible possession of the vendor, the law presumes that it is left there under some secret understanding between the seller and the buyer. That is the presumption of law."

4. His honor erred in charging that "if the jury find from the evidence that Pregnall & Brother agreed to buy, and did buy, this engine from the Marine and River Phosphate Company, the consideration being a preëxisting debt, and the engine was thereafter left in the possession of the Marine and River Phosphate Company, the jury are instructed that such sale to plaintiffs is null and void, and fraudulent in law, against creditors and purchasers from the company, and the plaintiffs cannot recover."

5. His honor erred in charging that "if the jury find from the evidence that Pregnall & Brother agreed to buy, or did buy, this engine from the Marine and River Phosphate Company, the consideration being a preëxisting debt due Pregnall & Brother, and the engine was thereafter left in the possession of the Marine and River Phosphate Company, from whom thereafter Miller & Kelly bought such engine and took possession thereof without notice of plaintiffs' claim, then the jury are instructed that such prior sale to plaintiffs is null and void, and the latter sale to Miller & Kelly is good and valid, and plaintiffs cannot recover."

6. His honor erred in not submitting it as a question of fact to the jury, whether, under all the circumstances of the case, the sale to Pregnall & Brother was "null and void and fraudulent," and in "instructing" the jury that the "plaintiffs cannot recover," if they find from the evidence that the consideration of the sale to plaintiffs was a preëxisting debt, and the engine was thereafter left in the possession of the Marine and River Phosphate Company, and defendants afterwards bought without notice of the prior sale to plaintiffs—"that in such case such prior sale to plaintiffs was null and void and fraudulent, and the latter sale to Miller & Kelly was good and valid, and plaintiffs cannot recover."

7. His honor erred in holding the rule of law in this state to be: "That where the two concurrent precedent facts exist, to wit, the sale to pay a preëxisting debt, and the debtor thereafter remaining in possession, the law presumes a corrupt agreement

between the parties, not to be rebutted by evidence, and holds the transaction fraudulent *per se.*"

8. His honor erred in holding that "the only exception" to what he holds, as above stated, to be the rule of law in this state, is "where there is a *bona fide* contract for hire between vendor and vendee;" and that it is "only evidence of hiring that is to be weighed by the jury upon the question of fraudulent sale between debtor and creditor."

9. His honor erred in holding that under the authorities in this state, the Circuit judge was not at liberty to disturb the verdict of the jury, and order a new trial, inasmuch as "there was no evidence as to a contract of hiring in the present case."

*Messrs. Hayne & Ficken,* for appellants.

The sale to Pregnall & Brother was complete, and title to the engine passed to them from the company prior to the alleged sale to Miller & Kelly. 1 *Benj. Sales,* §§ 315, 318, 319; 2 *Hill Ch.,* 632. The company did not have such possession as authorized the legal presumption of a corrupt agreement, and attached to the transaction a character and penalty of fraud. The question should have been submitted to the jury. 1 *Hill,* 16; 1 *Bail.,* 568; 9 *Rich.,* 407; 10 *Rich. Eq.,* 253; 19 *S. C.,* 478; 2 *Hill Ch.,* 636. In this case the proof showed that the possession after sale was not for the company's benefit. *Rice Ch.,* 300; *McMull. Eq.,* 32; 10 *Rich.,* 72. The result of above decisions is, that the legal conclusion of fraud applies only where the property remains in the possession of the debtor for his own use, profit, or pecuniary advantage. See, too, 2 *T. R.,* 587; 1 *Benj. Sales,* § 736; 20 *How.,* 460; 2 *Strob. Eq.,* 120. The defendants were not purchasers for valuable consideration, an antecedent indebtedness being the consideration of the purchase. 6 *S. C.,* 159; 10 *Paige,* 180; 20 *Johns.,* 637; 83 *Pa. St.,* 372; 5 *S. C.,* 90. The judge having erred as to the evidence he was at liberty to consider, his refusal of a new trial was error of law. 14 *S. C.,* 432; 19 *Ill.,* 580.

*Messrs. Bryan & Bryan,* contra.

The judge correctly charged that *in this case* a sale is not com-

plete without delivery when it is for a preëxisting debt and the vendor remained in possession. 2 *Mill Con. R.*, 126; 4 *McCord*, 306; 1 *Hill*, 24; 2 *Hill Ch.*, 637; *Rice Ch.*, 300; *McMull. Eq.*, 30; 2 *Rich. Eq.*, 96; 10 *Rich.*, 73. In the case of a subsequent hiring, the vendor does not retain possession as vendor, but under the contract of hiring. 2 *Kent.*, 520, 522; 1 *Cranch*, 309; 16 *Am. Dec.*, 687. Defendants are not only creditors, but also *bona fide* purchasers for value. *Benj. Sales*, 785; 9 *Am. Dec.*, 119; 17 *Mass.*, 110; 7 *Am. Dec.*, 34; 1 *DeSaus.*, 144; 3 *Strob. Eq.*, 134; 13 *Rich. Eq.*, 248; 10 *Rich.*, 332. Any other rule than that charged by the Circuit judge would be a premium upon fraud, and a fraud which would be incapable of proof.

July 26, 1884. The opinion of the Court was delivered by

MR. CHIEF JUSTICE SIMPSON. On August 11, 1883, the appellants purchased from the Marine and River Phosphate Company a steam engine, with about 9,627 pounds of iron, then on a certain dredge boat lying in Ashley River, at the wharf of the said company, the consideration of the purchase being a preëxisting debt upon which the said purchase was credited. The appellants at once removed the iron from the dredge boat, but left the engine thereon, for their convenience and at their risk. After this, *i. e.*, about August 27, the respondents, claiming to have purchased the plant of this Marine and River Phosphate Company, located at their works, and including the said engine, took possession of the same. This purchase was made after August 11, the time of appellants' purchase, and was also made in payment of a preexisting debt due by said company to respondents. Under these circumstances the action below was brought by appellants against respondents for the recovery of the engine, the sole issue in the case being ownership.

The Circuit judge laid down the following legal propositions, in substance, for the government of the jury. That to complete a sale of personal property, there must be a payment of the purchase money on the one side, and a delivery of the article on the other. That in such sale where the vendor continues in possession after the sale as visible owner, the sale is to be considered fraudu-

lent and void against creditors. That in such sale, where the consideration is a pre-existent debt, and property is left in the possession of the vendor, the sale is null and void; and in this case if they find that the appellants agreed to buy, and did buy the engine, leaving it in the possession of the company, from whom thereafter the respondents bought, taking possession without notice of plaintiffs' claim, then the jury are instructed that such prior sale to appellants is null and void, and the latter sale to respondents is good and valid, and the plaintiffs cannot recover.

Under this charge the jury found for the defendants. A new trial was moved, but was refused, the Circuit judge holding that a sale of personal property in payment of a pre-existing debt, the vendor retaining possession required the application of fraud as a legal conclusion, and therefore the verdict, being in accordance with the law, could not be disturbed; and further, as there was but one exception to this rule, to wit, where the vendor remained in possession under a contract of hiring (*Pringle* v. *Rhame*, 10 *Rich.*, 75), of which there being no evidence in this case, the verdict was not obnoxious to the objection that it should have been left to the jury as a matter of fact to determine the character of the possession, and especially whether any benefit or advantage accrued to the debtor, as the price of the preference given to the creditor.

The appeal involves the correctness of these different rulings and holdings. The main questions to be considered are, 1st. Whether, as held by the Circuit judge, the retention of possession by a vendor of personal property after a sale on consideration of a pre-existing debt is *per se* fraudulent as a general rule? 2. If so, whether the only exception thereto is, where the possession is retained upon a new contract of hiring as in *Pringle* v. *Rhame?*

The leading English cases upon this subject are *Twyne's Case*, 3 *Co.*, 80, and the case of *Edwards* v. *Harben*, 2 *T. R.*, 587. These cases seemed to favor the principle that the mere fact of the vendor retaining possession after sale will of itself, in every such case, render such sale invalid. But this doctrine to its full extent has never been followed in all of the American courts. In Massachusetts it is held that such retention is only *prima facie*

evidence of fraud, and may be explained by testimony; in other
words, that the character of such possession is a question of fact.
So in New Hampshire, Connecticut, New York, North Carolina,
Georgia, Mississippi, Texas, Wisconsin, Arkansas, Ohio, and
Tennessee. See 1 *Chit. Cont.* (11th edit.), 571, 572, note, and
cases there cited. In some of the other states a contrary doc-
trine is held. In our state, previous to *Smith* v. *Henry*, 1 *Hill*,
16, the cases seemed to hold that retention of possession was a badge
of fraud, not conclusive, but *prima facie;* but if the testimony
proved that the sale was founded upon a valuable consideration,
the sale could not be impeached except by positive fraud, want of
*bona fides.* *Terry* v. *Belcher*, 1 *Bail.*, 568; *Garrett* v. *Rhame*,
9 *Rich.*, 407; *Guignard* v. *Harley*, 10 *Rich. Eq.*, 253.

In *Smith* v. *Henry*, however, a distinction was drawn between
a sale where a present consideration was advanced, and a sale
upon a pre-existing debt; the former being left under the prin-
ciple suggested above, and the latter held fraudulent as a con-
clusive presumption of law, the retention of possession being
regarded in law as the inducement to the sale, and the cause of
the preference given to the particular creditor. In this case
Chancellor Harper attempted to reconcile the conflict which
seemed to exist in the previous cases, by a close examination of
the principle upon which it had been held in some of them, and
especially the English cases, *supra*, that retention of possession
after sale was *per se* fraudulent. He said that this was not, as
some seemed to suppose, because the debtor being left in posses-
sion, he thereby obtained a credit upon the faith of property
which he was not entitled to, misleading subsequent creditors.
Nor was it because his antecedent creditors were lulled into a
false security. But it was because the debtor had obtained some
benefit to himself as the price of the preference given, evidenced
by his retaining possession, and using it as his own.

Such being the principle of these decisions, it was urged that
it did not apply necessarily to a sale where the consideration was
valuable, and paid down at the time, because there could be no
necessary inference in such case that the sale was for the benefit
of the debtor, although he retained possession thereafter. Where,
however, the sale was in consideration of a pre-existing debt ex-

tinguished thereby, and yet the debtor retained possession, the inference that the debtor had stipulated for some benefit or advantage to himself was so irresistible, that in such cases such possession was held *per se* evidence of fraud. Hence the distinction which he drew in that case, between sales upon a present consideration advanced at the time, and sales in payment of a pre-existing debt, holding the latter invalid upon the mere fact of retention of possession by the debtor, and the former open to explanation.

Thus stood the law in this state until *Jones & Briggs* v. *Blake and wife*, 2 *Hill Ch.*, 636, followed by *Pringle* v. *Rhame*, 10 *Rich.*, 74, in which the court modified the stringent rule laid down in *Smith* v. *Henry*, as to a sale upon a pre-existing debt, with possession retained under a contract of hire. Upon examination of this case, however, it will be seen that this modification was not based simply on the ground that possession was retained by virtue of a contract of hiring, but because the fact of hiring showed that such retention was not the price of a preference which the vendee had obtained over other creditors, but was a *bona fide* possession obtained by the debtor, independent of the sale, and having no necessary connection therewith. Such being the fact, in applying *Jones & Briggs* v. *Blake and wife*, and *Pringle* v. *Rhame*, we must not confine ourselves to their facts, but we must look to the principle upon which they were decided. Guided by this principle, we cannot say that the only exception to *Smith* v. *Henry* is a case of hiring; on the contrary, in every case where possession is retained, if it is not retained as a benefit to the debtor, but under an independent and subsequent *bona fide* contract, it is open to explanation.

This seems to be the law of this state, and now since *Jones & Briggs* v. *Blake and wife*, and *Pringle* v. *Rhame*, whether the consideration be the payment of a pre-existing debt or a present consideration, the cases stand on the same platform, *i. e.*, the character of the possession becomes a question of fact and must be submitted to the jury, with the onus upon the vendee. Such being our conclusion as to the principle applicable to the question involved here, we think the Circuit judge was in error in holding that retention of possession after sale upon a pre-existing debt

was conclusive *per se* of fraud, as a general rule, there being but one exception, *i. e.*, where the possession is founded upon a contract of hiring. We think the character of the possession in this case should have been submitted to the jury in accordance with the views herein above, the invalidity of the sale being dependent upon the fact whether the retention of possession of the vendor was for his benefit or the price of a preference given to the vendee.

We think, too, that that portion of the charge of the judge in which he held that to complete a sale, both payment of purchase money and delivery of property were necessary, was erroneous. Change of title takes place when the bargain is struck, and may pass before payment and before actual delivery; where property is sold on a credit with possession given, or where it is sold for cash and yet left with the vendor for vendee's convenience, and subject to his control, title changes and the sale is complete.

It is not necessary to consider the other questions discussed by the counsel.

It is the judgment of this court that the judgment of the Circuit Court be reversed, and the case be remanded.